**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREENLINING INSTITUTE; et al., | No.    17-73283 |
| Petitioners, | FCC No. 17-154 |
| v. | |
| FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Respondents, | |
| ———————————————— | |
| USTELECOM-THE BROADBAND ASSOCIATION, | |
| Intervenor. | |

On Petition for Review of an Order of the
Federal Communications Commission

Argued and Submitted August 27, 2019
Seattle, Washington

Before:  McKEOWN and BYBEE, Circuit Judges, and GAITAN,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri, sitting by designation.

The Greenlining Institute, Public Knowledge, The Utility Reform Network, and the National Association of State Utility Consumer Advocates (collectively, "Petitioners") seek review of a November 2017 order and declaratory ruling issued by the Federal Communications Commission. The parties are familiar with the facts, so we do not repeat them here. We have jurisdiction under 47 U.S.C. § 402 and 28 U.S.C. § 2342(1), and deny the petition because Petitioners lack standing.

At least one petitioner must have Article III standing for each of the challenges raised on appeal. *See Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650–51 (2017). "The party invoking federal jurisdiction bears the burden of establishing standing," which "must be supported in the same way as any other matter on which [that party] bears the burden of proof." *Nw. Envtl. Def. Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520, 1528 (9th Cir. 1997).

"[A]n organization may establish 'injury in fact if it can demonstrate: (1) frustration of its organizational mission; and (2) diversion of its resources to combat the particular conduct in question.'" *Am. Diabetes Ass'n v. U.S. Dep't of the Army*, 938 F.3d 1147, 1154 (9th Cir. 2019) (quoting *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1105 (9th Cir. 2004)). Petitioners offer no estimate of the resources that will be diverted as a result of the order, let alone "uncontradicted evidence" that the proposed actions "required, and will continue to require, a diversion of resources, independent of expenses for this litigation, from their other

2

initiatives." *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 766 (9th Cir. 2018).  Petitioners accordingly lack independent standing.

Petitioners have similarly failed to establish associational standing, which requires that one of their "members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc*., 528 U.S. 167, 181 (2000).  Although Petitioners' purpose is germane to the interests at stake in this appeal, which does not require the participation of  individual members, no member has demonstrated that "he or she 'is *immediately* in danger of sustaining some *direct* injury as the result of the challenged official conduct and the injury or threat of injury is both real and immediate, not conjectural or hypothetical.'" *Scott v. Pasadena Unified Sch. Dist*., 306 F.3d 646, 656 (9th Cir. 2002) (quoting *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983)).  The Supreme Court has "repeatedly reiterated that 'threatened injury must be *certainly impending* to constitute injury in fact,' and that '[a]llegations of *possible* future injury' are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (alteration in original) (citations omitted).  Here, Petitioners demonstrate no such certain, impending harm.

**PETITION DENIED.**